UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Hafida Osborn, | ) | Civil Action No.: 4:19-cv-02765-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Horry County Police Department, Horry County Sheriff's Department, Sheriff Phillip E. Thompson, Wayne Owens, Matthew Singleton, Amy Hardwick, Jack Johnson, Chief Joe Hill, Pansy Rabon, Michael Benton, Jeannette Benton, | ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

Pending before the Court is Defendants Horry County Police Department, Matthew Singleton, Amy Hardwick, Jack Johnson, and Chief Joe Hill's ("Horry County Police Defendants") Motion to Dismiss [ECF No. 8]. This matter is before the Court with the Report and Recommendation ("R & R") of Magistrate Judge Thomas E. Rogers, III who recommends granting in part and denying in part the Horry County Police Defendants' motion to dismiss.[1] *See* [ECF No. 42].

## Background

Plaintiff brought this action pursuant to 42 U.S.C. § 1983. Plaintiff's amended complaint alleges: 1) § 1983 claims against the Horry County Police Department, Officer Matthew Singleton, Officer Amy Hardwick, and Officer Jack Johnson ("Horry County Police Defendants"); 2) § 1983 claims against the Horry County Sheriff's Department, Sheriff Phillip E. Thompson and Wayne

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

Owens, Director of J. Reuben Long Detention Center; 3) abuse of process against the Horry County Police Defendants, Pansy Rabon, and Michael Benton; 4) intentional infliction of emotional distress against all Defendants; 5) slander against all Defendants; and 6) property damage against the Horry County Police Department.

The Horry County Police Defendants move to dismiss Plaintiff's claims against them arguing Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), and the *Rooker-Feldman* doctrine. The Magistrate Judge recommended granting in part and denying in part the Horry County Police Defendants' motion to dismiss. Specifically, the Magistrate Judge recommended dismissing, pursuant to *Heck*, Plaintiff's § 1983 claims against the Horry County Police Defendants for falsely accusing her of actions she did not commit, instituting and pursuing false charges of adult abuse against her, procuring false warrants, failing and refusing to read her Miranda Rights, falsely imprisoning her, and falsely stating that she was involved in criminal activity. The Magistrate Judge found that dismissal was not appropriate as to Plaintiff's § 1983 claim against the Horry County Police Defendants for illegally searching her residence or her state law causes of action.

Plaintiff filed objections to the Magistrate Judge's Report and Recommendation on June 6, 2020. The Horry County Police Defendants did not object to the Magistrate Judge's Report and Recommendation or reply to Plaintiff's objections.

## Standard of Review

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct

a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

The Magistrate Judge recommended dismissing Plaintiff's § 1983 claims against the Horry County Police Defendants for falsely accusing her of actions she did not commit, instituting and pursuing false charges of adult abuse against her, procuring false warrants, failing and refusing to read her Miranda Rights, falsely imprisoning her, and falsely stating that she was involved in criminal activity pursuant to *Heck v. Humphrey*. Plaintiff's objections do not address *Heck v. Humphrey* or its application to Plaintiff's case. Instead, Plaintiff merely argues that "[e]ach of the officers listed participated in the violation of the Plaintiff's civil rights not just through the arrest and investigation and conviction but also the harassment of the Plaintiff in their official and individual capacities." *See* [Plaintiff's Objections, ECF No. 44 at 7].

In *Heck*, the Supreme Court held that "in order to recover damages for allegedly

unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal" or otherwise invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Thus, in a § 1983 suit, a district court is required to consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of the conviction; if so, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has been invalidated. *Heck*, 512 U.S. at 486-87.

Applied to the instant case, *Heck* bars Plaintiff's § 1983 claims against the Horry County Police Defendants for falsely accusing her of actions she did not commit, instituting and pursuing false charges of adult abuse against her, procuring false warrants, failing and refusing to read her Miranda Rights, falsely imprisoning her, and falsely stating that she was involved in criminal activity. These claims are barred because a finding that the Horry County Police Defendants lacked probable cause to arrest Plaintiff would necessarily imply the invalidity of Plaintiff's conviction.[2]

However, not all of Plaintiff's § 1983 claims against the Horry County Police Defendants are subject to dismissal under *Heck*. Plaintiff's § 1983 claim based on an alleged unlawful search of her residence is not barred.[3] Plaintiff's state law causes of action are also not barred.

---

[2] Section 1983 actions premised on alleged unlawful seizure, malicious prosecution, false arrest and/or false imprisonment such as those presented by Plaintiff are analyzed as actions claiming unreasonable seizures in violation of the Fourth Amendment. See, e.g., *Brown v. Gilmore*, 278 F.3d 362, 367–68 (4th Cir. 2002). A plaintiff alleging a § 1983 false arrest claim must show that the officer decided to arrest him without probable cause to establish an unreasonable seizure under the Fourth Amendment. *Id*.

[3] A Fourth Amendment claim based on an alleged unlawful search does not necessarily imply that the resulting criminal conviction is unlawful if "(1) the conviction derives from a guilty plea rather than a verdict obtained with unlawfully obtained evidence, and (2) the plaintiff does not plead facts inconsistent with guilt." *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015). Here, Plaintiff's conviction was the result of a guilty plea, not a verdict obtained with unlawfully obtained evidence. Also, Plaintiff's amended complaint does not appear to assert facts inconsistent with guilt.

Plaintiff's objections are without merit and do not address the issues raised in the Report and Recommendation. Accordingly, Plaintiff's objections are overruled and the Court adopts the Report and Recommendation [42] of the Magistrate Judge.

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 42]. The Horry County Police Defendants' motion to dismiss [ECF NO. 8] is **GRANTED in part and DENIED in part**. Plaintiff's § 1983 claims against the Horry County Police Defendants for falsely accusing her of actions she did not commit, instituting and pursuing false charges of adult abuse against her, procuring false warrants, failing and refusing to read her Miranda Rights, falsely imprisoning her, and falsely stating that she was involved in criminal activity are **DISMISSED**. Plaintiff's § 1983 claim against the Horry County Police Defendants based on an alleged unlawful search remains pending. Plaintiff's state law claims against the Horry County Police Defendants also remain pending.

**IT IS SO ORDERED.**

July 14, 2020  
Florence, South Carolina

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge