UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Hafida Osborn, ) | Civil Action No.: 4:19-cv-02765-RBH |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| Horry County Police Department, Horry ) | |
| County Sheriff's Department, Sheriff Phillip ) | |
| E. Thompson, Wayne Owens, Matthew ) | |
| Singleton, Amy Hardwick, Jack Johnson, ) | |
| Chief Joe Hill, Pansy Rabon, Michael ) | |
| Benton, Jeannette Benton, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

The following motions are pending before the Court: 1) Defendants' Motion for Summary Judgment Relating Only to Judicial Estoppel [ECF No. 47]; 2) Defendant Pansy Rabon's Motion to Dismiss [ECF No. 51]; 3) Defendants Horry County Police Department, Matthew Singleton, Amy Hardwick, Jack Johnson, and Chief Joe Hill (hereinafter, "the HCPD Defendants") Motion for Summary Judgment [ECF No. 69]; 4) Defendants Jeanette and Michael Benton's (hereinafter, "the Benton Defendants") Motion for Summary Judgment [ECF No. 70]; and 5) Defendants Horry County Sheriff's Department, Sheriff Phillip E. Thompson, and Wayne Owens (hereinafter, "the HCSO Defendants") Motion for Summary Judgment [ECF No 71].

This matter is before the Court with the Report and Recommendation ("R & R") of Magistrate Judge Thomas E. Rogers, III who recommended: 1) *denying* Defendants' [ECF No. 47] motion for summary judgment relating only to judicial estoppel;  2) *granting* HCPD Defendants' [ECF No. 69] motion for summary judgment as to the 42 U.S.C. § 1983 cause of action; and 3) *granting* the HCSO Defendants' [ECF No. 71] motion for summary judgment as to the 42 U.S.C. §

1983 causes of action. The Magistrate Judge further recommended that this Court decline to exercise jurisdiction over Plaintiff's remaining state law claims and this case be remanded to the Horry County Court of Common Pleas.[1] *See* [R&R, ECF No. 42].

**Background**

This case arises from the law enforcement investigation into the alleged abuse or neglect of a vulnerable adult, and Plaintiff's arrest and detention following that investigation. The facts are thoroughly set forth in the Magistrate Judge's R&R and are incorporated herein by reference.

However, to briefly summarize, Carl Benton, 76, lived in a camper on Plaintiff's property. Following Mr. Benton's death, Plaintiff was investigated by the Horry County Police Department for possible elder neglect or abuse. On August 17, 2017, Plaintiff was arrested for abuse or neglect resulting in death of a vulnerable adult. On July 29, 2019, a state grand jury returned an indictment against Plaintiff for Abuse of a Vulnerable Adult. Plaintiff pled guilty to the indicted charge on August 20, 2019, and was sentenced to five years' probation, a fine of $128.75, and was ordered not to have any "offensive contact with [the] victim's family."

Plaintiff initiated this action ten days before her guilty plea by filing a complaint in state court in the Horry County Court of Common Pleas on August 10, 2019. Plaintiff's amended complaint alleges: 1) § 1983 claims against the Horry County Police Department, Officer Matthew Singleton, Officer Amy Hardwick, and Officer Jack Johnson ("Horry County Police Defendants"); 2) § 1983 claims against the Horry County Sheriff's Department, Sheriff Phillip E. Thompson and Wayne Owens, Director of J. Reuben Long Detention Center; 3) abuse of process against the Horry

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.).

County Police Defendants, Pansy Rabon, and Michael Benton; 4) intentional infliction of emotional distress against all Defendants; 5) slander against all Defendants; and 6) property damage against the Horry County Police Department.

The case was removed to federal court on September 27, 2019. Defendants filed motions for summary judgment on June 22, 2020, and August 17, 2020. Plaintiff filed responses to the motions and Defendants replied.

On December 23, 2019, the Magistrate Judge issued an R&R in which he recommended granting summary judgment on Plaintiff's § 1983 claims in favor of the HCPD Defendants and HCSO Defendants. The Magistrate Judge recommended that this Court decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) and that the case be remanded to the Horry County Court of Common Pleas for disposition of the remaining state law claims.

Plaintiff filed objections to the Magistrate Judge's R&R on January 4, 2021. The HCSO Defendants filed a reply to Plaintiff's objections on January 14, 2021.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review

3

when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

I.   <u>Defendants' motion for summary judgment relating only to judicial estoppel</u>

Defendants jointly moved for summary judgment arguing that Plaintiff's claims are barred by the doctrine of judicial estoppel because she failed to notify the Bankruptcy Court of her claims in this action. The Magistrate Judge recommended denying Defendants' motion finding "[t]here is no evidence in the record sufficient for this court to find as a matter of law that Plaintiff acted intentionally or in bad faith when she failed to notify the bankruptcy court of the causes of action raised herein." [R&R, ECF No. 94 at 7].

Defendants have not filed objections to the R & R, and the time for doing so has expired.[2] In the absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations. *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983). The Court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the

---

[2]   Defendants' objections were due by January 6, 2021. *See* ECF No. 94-1.

recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Finding no clear error, the Court adopts the Magistrate Judge's recommendation that Defendants' motion for summary judgment relating only to judicial estoppel be denied.

II.     HCPD Defendants' motion for summary judgment as to Plaintiff's § 1983 claim based on an alleged unlawful search

Plaintiff claims the HCPD Defendants including the Horry County Police Department, Matthew Singleton, Amy Hardwick, Jack Johnson, and Chief Joe Hill are liable under 42 U.S.C. § 1983 for an alleged unlawful search. There are two searches at issue in this case: 1) the search of Carl Benton's trailer on March 21, 2017; and 2) the search of Plaintiff's residence on March 22, 2017.

The Fourth Amendment states that "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." U.S. Const. amend. IV.; *Varner v. Roane*, 981 F.3d 288, 292 (4th Cir. 2020).

"Under the Fourth Amendment, 'searches and seizures inside a home without a warrant are presumptively unreasonable' and, thus, presumptively unconstitutional." *Hupp v. Cook*, 931 F.3d 307, 326 (4th Cir. 2019). Valid consent, however, is a well-recognized exception to the Fourth Amendment prohibition against warrantless searches. *Trulock v. Freeh*, 275 F.3d 391, 401 (4th Cir. 2001) (citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 93 S.Ct. 2041, 36 L.Ed.2d 854 (1973)). Consent to search is valid only if it was knowing and voluntary and courts assess validity based on the "totality of the circumstances." *Trulock*, 275 F.3d at 401 (citing *United States v. Mendenhall*,

446 U.S. 544, 557 (1980)).

With respect to the search of Carl Benton's trailer on March 21, 2017, the HCPD Defendants have produced a consent to search form allegedly signed by Plaintiff on March 21, 2017, and witnessed by Detective Hardwick. *See* [Consent to Search Form, ECF No. 69-7 at 22]. Plaintiff, however, maintains that her signature on the consent to search form was forged. *See* [Plaintiff's Objections to R&R, ECF No. 98 at 13]. In her deposition, when asked if she ever signed a consent to search form for the trailer that Mr. Benton was living in, Plaintiff responded, "No, I never signed nothing." [Plaintiff's deposition, ECF No. 70-6 at 10]. Plaintiff further testified "I didn't sign a consent to search. I don't remember signing any documentation." *Id* at 11.

Even though she claims she did not sign a consent to search form for Mr. Benton's trailer, Plaintiff also testified that she had no problem with Detectives Singleton and Hardwick searching Mr. Benton's trailer. The following excerpt of Plaintiff's deposition is dispositive:

> Q. Do you recall you accompanying Detective Singleton and Detective Hardwick to the trailer in which Mr. Benton lived on March 21, 2017?
>
> A. They asked if they can see it. I have no problem for them to see it. The guy was living there so it's not, I mean, to me it wasn't a problem.
>
> Q. Was it Detective Singleton or Detective Hardwick who asked you if they could see that trailer?
>
> A. Yes, they did.
>
> Q. Which one or was it both of them?
>
> A. I think it was Amy.
>
> Q. So Amy Hardwick asked you if they could see the trailer, correct?

> A. Yes, she said, Can we take a look very quick and stuff just to see where he live. And I said, Yeah, no problem. Go ahead.
>
> Q. And did you actually go with them to take a look at that trailer?
>
> A. Yes.
>
> Q. At any time during their looking at that trailer, did you voice any opposition to them looking at the trailer?
>
> A. If I did what?
>
> Q. Did you voice any opposition to them looking at the trailer?
>
> A. Like tell them not to or something?
>
> Q. Yes.
>
> A. No.
>
> Q. And the reason why was that you were willing to show them the trailer or they were allowed to see the trailer?
>
> A. Correct, I don't have no problem for them to see the trailer.

[Plaintiff's Deposition, ECF No. 70-6 at 12].

In light of Plaintiff's deposition testimony, there is no genuine issue of material fact as to whether Plaintiff consented to the search of Mr. Benton's trailer. Plaintiff's testimony unequivocally establishes that she knowingly and voluntarily consented to the search of Mr. Benton's trailer, was present for the search, and at no time during the search voiced any objection or opposition to the search. The HCPD Defendants are entitled to summary judgment with respect to the March 21, 2017 search of Mr. Benton's trailer.

As to the search of Plaintiff's home on March 22, 2017, it is undisputed that Detective Singleton obtained a search warrant for the search of Plaintiff's residence. *See* [Search Warrant, ECF

No. 69-7 at 47]. Plaintiff does not argue that the search warrant was facially invalid. Instead, Plaintiff argues Detective Singleton obtained the search warrant based on false pretenses and points to a discrepancy between the search warrant affidavit and the autopsy results regarding Mr. Benton's cause of death.

In *Franks v. Delaware*, the U.S. Supreme Court held that a law enforcement officer violates the Fourth Amendment when he procures a search warrant through the use of false statements or material omissions, whereby a magistrate would not have otherwise found probable cause. 438 U.S. 154, 155-56 (1978). *Franks* provides a two-prong test. First, plaintiffs must allege that defendants "knowingly and intentionally or with a reckless disregard for the truth" either made false statements in their affidavits or omitted facts from those affidavits, thus rendering the affidavits misleading. *Evans v. Chalmers*, 703 F.3d 636, 650 (4th Cir. 2012) (citing *Franks*, 438 U.S. at 155–56).

> Reckless disregard can be established by evidence that an officer acted with a high degree of awareness of [a statement's] probable falsity, that is, when viewing all the evidence, the affiant must have entertained serious doubts as to the truth of his statements or had obvious reasons to doubt the accuracy of the information he reported.

*Miller v. Prince George's County, Md.*, 475 F3d. 621, 627 (4th Cir. 2007). Second, plaintiffs must demonstrate that those "false statements or omissions [are] 'material,' that is, 'necessary to' " a neutral and disinterested magistrate's authorization of the search. *Evans*, 703 F.3d at 650.

The search warrant affidavit states Mr. Benton's cause of death was "sepsis due to decubitus ulcers and acute encephalopathy." [ECF No. 69-7 at 46]. The autopsy lists Mr. Benton's cause of death as "acute consolidating bronchopneumonia" with "arteriosclerotic cardiovascular disease" as a contributing cause of death. [ECF NO. 84-9 at 5].

The autopsy report is dated May 17, 2017, and Detective Singleton obtained the search

8

warrant on March 22, 2017. *See* [ECF Nos. 69-7 at 46 and 84-9 at 5]. Detective Singleton's search warrant affidavit is consistent with the records available to him when he submitted the search warrant affidavit to the magistrate judge. *See* [Conway Medical Center Discharge Summary, ECF No. 69-7 at 49]. Plaintiff has failed to direct the Court to sufficient evidence in the record to create a genuine issue of material fact as to whether Detective Singleton intentionally or with reckless disregard for the truth included false statements or omitted material information from his search warrant affidavit. In sum, Plaintiff has failed to present evidence sufficient to create a question of fact that the search of Plaintiff's residence, conducted pursuant to a facially valid search warrant, was unlawful or otherwise violated the Fourth Amendment. The HCPD Defendants are entitled to summary judgment with respect to the March 22, 2017 search of Plaintiff's residence.

The Court overrules Plaintiff's objections and adopts the Magistrate Judge's recommendation that summary judgment be granted on Plaintiff's § 1983 claim against Defendants HCPD, Hardwick, Hill, Johnson, and Singleton.[3]

III.   HCSO Defendants' motion for summary judgment as to Plaintiff's § 1983 claims based on alleged medical indifference and religion

Plaintiff alleges the HCSO Defendants failed to properly treat her diabetes while she was incarcerated at the J. Reuben Long Detention Center in Horry County, South Carolina from August

---

[3] Defendants Chief Joe Hill and Jack Johnson are also entitled to summary judgment on Plaintiff's § 1983 claim because there is no evidence that they had any personal involvement in the investigation of Plaintiff or the execution of any search warrants related to the Plaintiff. *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985) (stating that "[i]n order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'"). To the extent Plaintiff contends that Chief Hill is liable under § 1983 for failing to have an Internal Affairs investigation conducted, there has been no showing that Chief Hill's alleged failure to order an Internal Affairs investigation resulted in the deprivation of any of Plaintiff's constitutional rights. Plaintiff has also failed to establish a basis for supervisory liability of Chief Hill under § 1983. *See Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994) (setting forth elements of supervisory liability under § 1983).

17 through August 19, 2017 (a two-day period).  Plaintiff claims the jail failed to give her a diabetic diet and only tested her sugar "a couple of times."  Plaintiff also alleges that she was not provided with a proper diet in compliance with her religion.  Specifically, Plaintiff testified that she should have been provided with a diet that did not include pork. [Plaintiff's Dep., ECF No. 70-6 at 38].

As to the alleged § 1983 medical indifference claim, the Magistrate Judge recommended granting summary judgment in favor of the HCSO Defendants.  The Magistrate Judge found that none of the individually named HCSO Defendants (Sheriff Phillip E. Thompson and Director Wayne Owens) had any involvement in Plaintiff's medical treatment while she was detained at the detention center.  Plaintiff objects to the Magistrate Judge's recommendation arguing that both Thompson and Owens have the responsibility of management, training, and overall oversight and in that capacity, they are responsible for providing medical care to inmates.

Plaintiff is essentially arguing either that "supervisory liability" or the doctrine of respondeat superior should be applied to impose liability on Sheriff Thompson and Director Owens.  However, "[i]n order for an individual to be liable under § 1983, it must be 'affirmatively shown that the official charged acted personally in the deprivation of the plaintiff's rights. The doctrine of respondeat superior has no application under this section.'" *Wright v. Collins*, 766 F.2d 841, 850 (4th Cir. 1985).

Plaintiff has also failed to establish supervisory liability of Sheriff Thompson and Director Owens under § 1983.  To establish supervisory liability under § 1983, a plaintiff must establish the following three elements: (1) that the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so

inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices,"; and (3) that there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994).  The record before the Court contains insufficient evidence to create a question of fact as to whether Sheriff Thompson and Director Owens had actual or constructive knowledge that their subordinates were engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the Plaintiff.

The Magistrate Judge also recommended summary judgment on the § 1983 medical indifference claim in favor of the Horry County Sheriff's Office because Plaintiff failed to identify a policy or custom that caused Plaintiff's injury.  After thoroughly reviewing Plaintiff's objections to the R&R and the record in this case, this Court cannot discern a policy or custom, and Plaintiff has not directed the Court to one, that could serve as the basis for *Monell* liability against the Horry County Sheriff's Office. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978).

With respect to the § 1983 religious claim, the Magistrate Judge recommended summary judgment in favor of the HCSO Defendants.  The Magistrate Judge found that Plaintiff failed to present sufficient evidence to establish a constitutional violation with respect to her religious practices.  Plaintiff's contention here is that she should have been provided a diet that did not include pork.  Plaintiff testified in her deposition that she received peanut butter and jelly sandwiches[4] while she was detained and did not receive any pork. [Plaintiff's Deposition, ECF No. 70-6 at 38].  Director Owens stated in his affidavit that the detention center does not serve pork to

---

[4]     Director Owens stated in his affidavit that "medical staff placed Plaintiff on 'finger foods' as a suicide prevention.  This is done so that utensils are not given to those who have expressed suicidal ideations." [Owens Aff., ECF No. 71-3].

any detainees. [Owens Aff., ECF No. 71-3]. Plaintiff has failed to present sufficient evidence to create a question of fact as to whether her constitutional rights were violated regarding her religion.

For those reasons, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's recommendation that summary judgment be granted on Plaintiff's § 1983 claim against Defendants Horry County Sheriff's Department, Sheriff Phillip E. Thompson, and Wayne Owens.

## Conclusion

For the foregoing reasons, the Court **OVERRULES** Plaintiff's objections [ECF No. 98] and **ADOPTS** the Magistrate Judge's R & R [ECF No. 94]. Defendants' [ECF No. 47] motion for summary judgment relating only to judicial estoppel is **DENIED**. The HCPD Defendants' [ECF No. 69] motion for summary judgment as to the 42 U.S.C. § 1983 cause of action is **GRANTED**. The HCSO Defendants' [ECF No. 71] motion for summary judgment as to the 42 U.S.C. § 1983 causes of action is also **GRANTED**. The Court declines to exercise supplemental jurisdiction over the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).[5] Accordingly, this case is hereby **REMANDED** to the Horry County Court of Common Pleas.

**IT IS SO ORDERED.**

March 16, 2021                                  s/ R. Bryan Harwell
Florence, South Carolina                        R. Bryan Harwell
                                                Chief United States District Judge

---

[5] Because this Court is declining to exercise supplemental jurisdiction over Plaintiff's state law claims, the Court need not address Defendants' motions and arguments seeking to have Plaintiff's state law claims dismissed. *See* [ECF Nos. 51, 69, 70, 71].