UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Hafida Osborn, | ) | Civil Action No.: 4:19-CV-02765-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Horry County Police Department, Horry | ) | |
| County Sheriff's Department, Sheriff Phillip | ) | |
| E. Thompson, Wayne Owens, Matthew | ) | |
| Singleton, Amy Hardwick, Jack Johnson, | ) | |
| Chief Joe Hill, Pansy Rabon, Michael | ) | |
| Benton, Jeannette Benton | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

Plaintiff Hafida Osborn, represented by counsel, brought this action[1] alleging violations of

her constitutional rights pursuant to 42 U.S.C. § 1983 by Horry County Police Department, Officer

Matthew Singleton, Officer Amy Hardwick, and Officer Jack Johnson ("Horry County Police

Defendants") and by Horry County Sheriff's Department, Sheriff Phillip E. Thompson and Wayne

Owens, Director of J. Reuben Long Detention Center ("the HCSO Defendants"). Plaintiff also

asserted state law claims against Horry County Police Defendants, the HCSO Defendants, and the

remaining Defendants in this case. The case was removed to federal court on September 27, 2019.

The following motions were filed before the Court: (1) Defendants' Motion for Summary Judgment

Relating Only to Judicial Estoppel [ECF No. 47]; (2) Defendant Patsy Rabon's Motion to Dismiss

[ECF No. 51]; (3) Horry County Police Defendants and Chief Joe Hill's (collectively, "the HCPD

---

[1]     This case arises from the law enforcement investigation into the alleged abuse or neglect of a vulnerable
adult, and Plaintiff's arrest and detention following that investigation. The facts are thoroughly set forth in the
Magistrate Judge's Report and Recommendation [ECF No. 94] and summarized in the Court's Order. [ECF No. 102
at 2–3].

Defendants") Motion for Summary Judgment [ECF No. 69]; (4) Defendants Jeanette and Michael

Benton's ("the Benton Defendants") Motion for Summary Judgment [ECF No. 70]; and (5) the

HCSO Defendants' Motion for Summary Judgment [ECF No. 71]. This Court adopted the Report

and Recommendation of Magistrate Judge Thomas E. Rogers, III, and denied Defendants' [ECF No.

47] motion for summary judgment relating only to judicial estoppel and granted the HCPD

Defendants' [ECF No. 69] and the HCSO Defendants' [ECF No.71] motions for summary judgment

as to the 42 U.S.C. § 1983 causes of action. *See* ECF No. 102. The Court declined to exercise

supplemental jurisdiction over the state law claims and remanded the case to the Horry County

Court of Common Pleas.[2] *See id*.

This matter is now before the Court on the HCPD Defendants' Motion for

Attorney/Paralegal Fees [ECF No.106] and the HCPD Defendants' Bill of Costs [ECF No. 107].

Plaintiff filed a response in opposition to the motion for attorney's fees and objections to the Bill of

Costs, and the HCPD Defendants filed replies. [ECF Nos. 111–114].

## Discussion

### I. Attorneys' Fees

42 U.S.C. § 1988 allows for defendants sued pursuant to § 1983 the possibility of recovering

attorney's fees. The statute provides in pertinent part: "[i]n any action or proceeding to enforce a

provision of sections . . . 1983 . . . of this title . . . the court, in its discretion, may allow the

prevailing party, other than the United States, a reasonable attorney's fee as part of the costs." The

standard to decide whether a defendant is entitled to an award of attorney's fees is whether

---

[2]    Because the Court declined to exercise supplemental jurisdiction over Plaintiff's state law claims, the Court did not address Defendants' motions and arguments seeking to have Plaintiff's state law claims dismissed. *See* ECF Nos. 51,69, 70, 71.

defendant makes a showing that plaintiff's claims were "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Lotz Realty Co., Inc., v. U.S. Dept. of Housing & Urban Dev.*, 717 F.2d 929, 931 (4th Cir. 1983) (quoting *Christiansburg Garment Co. V. EEOC*, 434 U.S. 412, 422 (1978)).  In deciding whether a plaintiff's actions were "frivolous, unreasonable, or without foundation," his subjective intent is irrelevant. *Id*. at 932.  A plaintiff need not have acted in bad fath in order to be liable for fees. *Hutchinson v. Staton*, 994 F.2d 1076, 1080 (4th Cir. 1993).

The HCPD Defendants point to a portion of this Court's Order finding they were entitled to summary judgment as evidence to support an award of attorney's fees. [ECF No. 106-1 at 3–4]. However, this Court's grant of summary judgment does not necessarily render Plaintiff's claims in the present case as "frivolous, groundless, or without foundation" to justify awarding the HCPD Defendants' attorney's fees. *See Hughes v. Rowe*, 449 U.S. 5, 15–16 (1980) ("Allegations that, upon careful examination, prove legally insufficient to require a trial are not, for that reason along, 'groundless' or 'without foundation.'").  In this case, the Court does not find that the HCPD Defendants made a showing that Plaintiff's claims met the requisite standard.  Accordingly, this Court, in its discretion declines to award attorney's fees.

## II. Costs

Prevailing parties are entitled to an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which states that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the prevailing party." The rule makes clear that, in the ordinary course, a prevailing party is entitled to an award of costs and there exists a presumption to that effect. *See Cherry v. Champion Int'l Corp*., 186 F.3d 442, 446

3

(4th Cir. 1999). "Accordingly, it is incumbent upon the unsuccessful party to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *Wyne v. Medo Indus., Inc.*, 329 F. Supp. 2d 584, 586 (D. Md. 2004) (citing 10 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2668 at 232 (3d ed. 1998)). "To overcome the presumption, a district court 'must justify its decision [to deny costs] by articulating some good reason for doing so.'" *Cherry*, 186 F.3d at 446 (quoting *Teague v. Bakker*, 35 F.3d 978, 996 (4th Cir. 1994) (internal quotations and citations omitted)).

"Costs may be denied to the prevailing party only when there would be an element of injustice in a presumptive cost award." *Id*. (citing *Delta Air Lines, Inc. v. August*, 450 U.S. 346, 355 n.14 (1981)). Factors which may justify refusal by the court to award costs include misconduct by the prevailing party, the losing party's inability to pay, the excessiveness of the costs claimed, the limited value of the prevailing party's victory, or the closeness and difficulty of the issues decided. *See Teague*, 35 F.3d at 996.

The HCPD Defendants seek an award of costs in the amount of $1,707.50. [ECF No. 107]. Plaintiff argues the HCPD Defendants are not entitled to costs (1) because the state law claims were remanded to state court so there is not a prevailing party and an award of costs would be premature and (2) because the HCPD Defendants are not entitled to certain claimed costs. [ECF No. 111].

**A. Prevailing Party**

Plaintiff's argument that an award of costs is premature because the HCPD Defendants are not prevailing parties is without merit. All of the federal claims in this case were resolved in the HCPD Defendants' favor when this Court granted the HCPD Defendants' motion for summary judgment on the 42 U.S.C. § 1983 claims [ECF No. 102]. The HCPD Defendants are prevailing

parties even though this Court declined to exercise its supplemental jurisdiction and remanded

Plaintiff's state law claims to the Horry County Court of Common Pleas.  *See eg., Buckhannon Bd.*

*& Care Home, Inc. V. West Virginia Dept. Of Health & Human Res*. 532 U.S. 598, 603 ("[A]

'prevailing party' is one who has been awarded some relief by the court."); *Head v. Medford*, 62

F.3d 351, 355 (11th Cir. 1995) (finding defendants were the prevailing parties and were entitled to

their costs under Fed. R. Civ. P. 54(d) after the district court granted defendants' motion for

summary judgment on plaintiff's federal claims and declined to exercise supplemental jurisdiction

over the remaining state law claims); *Ogborn v. UFCW Union, Local No. 881*, 305 F.3d 763 (7th

Cir. 2002) (finding the defendant was the prevailing party when the district court granted summary

judgment for the defendant on plaintiff's federal claims and declined to exercise supplemental

jurisdiction over plaintiff's state-law claim).  Therefore, the HCPD Defendants are prevailing parties

for purposes of awarding costs pursuant to Fed. R. Civ. P. 54(d).

**B. Allowed Costs**

Plaintiff contends that if the Court awards costs, costs should not be awarded for transcripts

the HCPD Defendants did not use in support of their motion for summary judgment or for scanning

costs, copy costs, attendance fees, exhibit fees, and postage fees. [ECF No. 111 at 6].

"Section 1920 enumerates expenses that a federal court may tax as a cost under the

discretionary authority found in Rule 54(d)."  *Crawford Fitting Co. v. J.T. Gibbons, Inc*., 482 U.S.

437, 441–42 (1987).  The expenses that may be taxed listed in 28 U.S.C. § 1920,  include the

following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use

in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where

the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation for court appointed experts, compensation of interpreters, and

salaries, fees, expenses, and costs of special interpretation services under section

1828 of this title.

The invoice from Veritext Legal Solutions was not itemized, and it is not clear what the

invoice was for.   *See* ECF No. 107-1 at 4.  Because this Court cannot assess whether those charges

were covered under § 1920, this Court disallows the recovery of the $133.98 fee from that invoice.

The  remainder of the costs are associated with the invoices from court reporter Lorraine

Burger Whitley and Alderman Court Reporting, LLC and are related to the depositions of the

Plaintiff and six of the defendants.  *See* ECF No. 107-1.  Plaintiff contends that because the HCPD

Defendants did not use all of the deposition transcripts in support of their motion for summary

judgment, the HCPD Defendants are not entitled to those costs.  *See* ECF No. 111 at 6.  However,

Plaintiff's assertions are contrary to Fourth Circuit precedent.   In *Country Vintner of North

Carolina, LLC v. E. & J. Gallo Winery, Inc.*, the Fourth Circuit rejected the plaintiff's argument that

§ 1920(4) applies only to the costs related to materials attached to dispositive motions or produced

at trial.  718 F.3d 249, 257 (4th Cir. 2013).  In doing so, the Fourth Circuit cited courts from several

circuits that have found that § 1920(4) encompasses discovery-related costs.  *Id*.  The HCPD

Defendants aver that the depositions were necessarily obtained for use in this case, and after review

6

of the record and the issues in this case, the Court agrees the depositions were reasonably necessary because they were relevant and material to this litigation.  Therefore, even if all of the deposition transcripts were not included in the HCPD Defendants' motion for summary judgment, because the depositions were reasonably necessary, the costs are taxable under § 1920(4).

The costs of printing or copying the depositions are taxable under § 1920(3)–(4).  *See* 28 U.S.C. § 1920(3)–(4) (taxable as costs are the "fees . . . for *printing*" and "costs *of making copies* of any materials where the copies are necessarily obtained for use in the case") (emphasis added).  As such, $1,291 in costs are recoverable for printing or copying costs.  The court reporter's attendance fee of $150 is also taxable under § 1920.  *See Bryant v. ISHPI Information Techs.*, No. 2:18-cv-00433-DCN, 2020 WL 1027181, at *2 (D.S.C. Mar. 3, 2020) (collecting cases from courts within the Fourth Circuit that have awarded costs for court reporters' attendance fees at depositions). Therefore, $1,441 in costs are recoverable.

However, the costs of scanning and printing exhibits are  not recoverable.  *See id.* (collecting cases from within the Fourth Circuit that have denied the recovery of costs incurred from including exhibits in deposition transcripts).  As such, $104.50 for scanning and printing exhibits is not allowed.  Likewise, the $30 in costs for the postage/delivery of the depositions is not recoverable. *See e.g., Miller v. Allstate Prop. & Cas. Ins. Co.*, No. 8:17-CV-3056-T-02CPT, 2020 WL 4750888, *at *1 (M.D. Fla. Aug. 17, 2020)* (finding the delivery and handling fees for depositions are not taxable under § 1920); *Wallace v. Nationstar Mortg., LLC*, No. 2:18-CV-02768-JAM-DB, 2021 WL 1578196, at *5 (E.D. Cal. Apr. 22, 2021) (deducting the cost of the delivery of a deposition transcript from the Bill of Costs); *Nail v. Shipp*, No. CV 17-00195-KD-B, 2020 WL 1670459, at *18 (S.D. Ala. Apr. 3, 2020) (finding the costs for shipping or delivering deposition transcripts are

not recoverable).

## Conclusion

Based on the foregoing, the HCPD Defendants' Motion for Attorney's Fees is **DENIED**, and it is hereby **ORDERED** that the HCPD Defendants' Bill of Costs is **GRANTED in part** in the amount of $1,441.


**IT IS SO ORDERED.**


Florence, South Carolina                                    s/ R. Bryan Harwell
July 26, 2021                                               R. Bryan Harwell
                                                           Chief United States District Judge